UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,


    -against-                       1:06-CR-00429
                                       (LEK)

AARON R. DARE,


                 Defendant.

---

## DECISION AND ORDER[1]

On July 16, 2008, the Albany Times Union ("ATU") made an application for an Order to show cause and moved to intervene in the instant case for the limited purpose of asserting a Motion to unseal the sealed document filed on July 14, 2008 (Dkt. No. 22) and its accompanying Order to seal (Dkt. No. 21). Defendant Aaron R. Dare is scheduled to be sentenced at a hearing before the Court tomorrow, on Thursday, July 24, 2008.

In papers filed with the Court on July 18, 2008, the Government does not oppose Albany Times Union's Motion to intervene for the stated purpose and does not oppose the Motion to unseal the Government's sentencing memorandum and attachments. See Gov. Response at 2 (Dkt. No. 26). Counsel for Defendant Dare "does not oppose the Times Union's Motion to Intervene and Unseal except insofar [as] unsealing of the documents at issue will result in the release of his confidential, medical information." See Def. Response at 2 (Dkt. No. 28).

Movant Albany Times Union has proceeded on the assumption that the sealed document

---

[1] For printed publication by the Federal Reporters.

1

relates to sentencing, although the docket entry does not reveal the source or nature of the document.
See ATU Mem. of Law at 1 (Dkt. No. 24).  A second document, having been hand-delivered to the
Court and thereby effectively filed under seal, was docketed under seal (Dkt. No. 30) yesterday after
the Court entered a *sua sponte* Sealing Order.[2]  (Dkt. No. 29).  Although Albany Times Union's
Motion to unseal references Docket Numbers 21 and 22 specifically, Movant makes clear that it is
seeking "public access to sealed court records presumably relating to defendant's upcoming
sentencing. . . ."  ATU Mem. of Law at 1 (Dkt. No. 24).  Therefore, the Court considers the Motion
a request for access to all of the sentencing-related documents before the Court that are not presently
available to the public.  For the reasons stated below, the Court grants Albany Times Union's
Motion to intervene for the limited purpose of asserting the instant Motion to unseal, and orders the
documents corresponding to Docket Numbers 21, 22, 29, and 30 unsealed in their entireties.

## II.  Discussion

### A.  Sentencing Memoranda[3]

Defendant concedes that Albany Times Union has a right to access the portions of the
sentencing memoranda that do not contain medical information.  See Def. Response at 3 (Dkt. No.
28).  The only contested issue is whether references to Defendant's medical condition and his
medical records contained therein should be redacted.

---

[2] The Court entered the Sealing Order for the sake of transparency and consistency with the
earlier Sealing Order.  This document was hand-delivered to the Court on or about April 18, 2008.

[3] Understandably, counsel for Defendant Dare assumed that the unidentified document
subject to the Sealing Order at Docket Number 21 was the sentencing memorandum that she had
submitted via hand-delivery, as opposed to the Government's memorandum.  See Def. Response at
2 (Dkt. No. 28).  However, because Defendant makes clear that the objections concern only the
"medical records and information," the Court merely interprets the same objections as applying to
the Government's sentencing memorandum, which is subject to the same standards.

It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records.  See, e.g., Press-Enterprise Co. v. Superior Court of Cal., 464 U.S. 501 (1984); In re The New York Times Co., 828 F.2d 10 (2d Cir. 1987); Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir. 2006).  Nevertheless, courts have remarked that the "privacy interests of the defendant" may justify the nondisclosure of sentencing memoranda.  See, e.g., U.S. v. Inserra, 1990 WL 101055, *2 (N.D.N.Y. July 16, 1990).  This is because courts are critically concerned with ensuring that defendants or other individuals are not discouraged from disclosing information that could be relevant to the Court's sentencing decision.  See, e.g., id.  In the circumstances of this case, however, this concern is only minimal.  Here, Defendant has chosen to introduce the medical information in an attempt to mitigate his sentence.  By disclosing this information, which is a critical part of the memoranda, the Court does not believe it takes a risk of discouraging the full disclosure of such information in future cases.  Under other circumstances, the Court could be convinced to redact a defendant's medical records, which surely are among an individual's most private matters.  Here, the public right to these records, which inform the Court's sentencing, are not outweighed by Defendant Dare's considerable privacy interest in his medical records.

**B. Presentence Investigation Report**

The instant Motion broadly requests sentencing-related documents.  As is required prior to sentencing, the U.S. Probation Office prepared and provided to the Court a presentence report. See Fed. R. Crim. P. 32(c); L.R.N.D.N.Y. 32.1.  "Presentence reports are not public records but rather confidential reports to the trial judge for use in his effort to arrive at a fair sentence." U.S. v. Charmer Indus., 711 F.2d 1164, 1171 (2d Cir. 1983).  Parallel to the standard applied to grand jury

3

materials, the Second Circuit stated that "the district court should not authorize disclosure of a presentence report to a third person in the absence of a compelling demonstration that disclosure of the report is required to meet the ends of justice." Id. at 1175.  See also L.R.N.D.N.Y. 32.1(c). Clearly, Albany Times Union makes no such showing.  Therefore, the presentence report cannot be disclosed.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Albany Times Union is granted the Motion to intervene in this case for the limited and exclusive purpose of asserting the Motion to unseal; and it is further

**ORDERED**, that the sentencing memoranda and Orders to seal (Dkt. Nos. 21, 22, 29, and 30) are unsealed, exclusive of personal identifying information (such as social security numbers and addresses) which must be redacted by Defendant's counsel and delivered to the Court by 4:00 p.m. today; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:      July 23, 2008
               Albany, New York

Lawrence E. Kahn
U.S. District Judge

4