UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

AARON R. DARE,

                Petitioner,

  -against-                                      1:06-CR-0429 (LEK)

UNITED STATES OF AMERICA,

                Respondent.

## DECISION AND ORDER

Presently before this Court is Petitioner's Application for an order to show cause for a preliminary injunction, mandatory injunction and restraining order brought pursuant to 28 U.S.C. § 2255. Application (Dkt. No. 81). Specifically, Petitioner filed this Application requesting that the Court issue an order directing the Respondent United States ("Respondent" or the "Government") to show cause why an order should not be granted directing them to monitor: (i) Petitioner's "pulse rate prior to each dosage of Co-reg administered . . . by the Bureau of Prison (hereinafter the 'B.O.P')" and (ii) Petitioner's "systolic blood pressure prior to each dosage of Hydralazine and Isosorbide administered . . . by the B.O.P." Id. at 1. For the reasons set forth below, Petitioner's Application for an order to show cause is denied.

**I.    BACKGROUND**

*Pro se* Petitioner Aaron R. Dare ("Petitioner" or "Dare") is currently incarcerated and serving his sentence at Federal Medical Center, Devens ("FMC Devens"). FMC Devens is a Bureau of Prisons ("BOP") administrative facility that houses federal offenders who require specialized or

1

long-term medical care.[1] Petitioner suffers from dilated cardiomyopathy, hypertension and dyslipimedia, and has a history of left ventricle thrombus.[2]

On June 22, 2009, Petitioner filed an application for an order to show cause for a preliminary injunction and restraining order with this Court. Dkt. No. 74. Specifically, Petitioner requested that this Court issue an order directing the Respondent: (i) to provide the Petitioner with the Recorder to his surgically implanted loop monitor; (ii) to immediately adjust Petitioner's beta-blocker medication to the level and dosage ordered by Respondent's contract specialist; (iii) to reinstate Petitioner's Monitoring and Anti-Coagulation Clinics, which monitor Petitioner's (1) heart rate, blood pressure and weight and (2) anti-coagulation levels; and (iv) to reinstate Petitioner's monthly blood testing to monitor his co-morbid conditions such as hypertension and hyperlipidemia, as well as his kidney and liver functions. On June 23, 2009, this Court directed Respondent to show cause why the requested order should be not be granted. Dkt. No. 75. On August 10, 2009, this Court issued its Memorandum-Decision and Order denying Petitioner's Motion. Dkt. No. 80.

Petitioner now brings a second application for an order to show cause for a preliminary injunction and a restraining order directing the Respondent to show cause why an order should not be granted directing them to monitor: (i) Petitioner's "pulse rate prior to each dosage of Co-reg administered to the Movant by the Bureau of Prison (hereinafter the 'B.O.P')" and (ii) Petitioner's "systolic blood pressure prior to each dosage of Hydralazine and Isosorbide administered to the [Petitioner] by the B.O.P." Application at 1.

---

[1] See Dkt. No. 80 for a full recitation of the underlying facts.

[2] Notably, when this Court sentenced Petitioner, it recommended that the Bureau of Prisons place him at a facility that can address this preexisting medical condition. Dkt Nos. 38, 39.

**II.     INJUNCTION STANDARD**

A party seeking a preliminary injunction must show, "(1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008) (citation omitted). "'Yet, the standard is even higher where, as here, the movant seeks a mandatory injunction, i.e. an injunction that 'alter[s] the status quo by commanding some positive action.'" Dichiara v. Pataki, 1:06-cv-6123-ENV-LB, 2007 U.S. Dist. LEXIS 16068, at *8 (E.D.N.Y. Mar. 7, 2007) (quoting Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 34 (2d Cir. 1995)). "'[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Sussman v. Crawford, 488 F.3d 136, 139 (2d Cir. 2007) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). "When seeking such an injunction, a movant 'must show a 'clear' or 'substantial' likelihood of ultimate success or that it would suffer 'extreme or very serious damage' absent preliminary relief.'" Diachiara, 2007 U.S. Dist. LEXIS 16068, at *8 (quoting Cherry River Music Co. v. Simitar Entm't, Inc., 38 F. Supp. 2d 310, 316 (S.D.N.Y. 1999)). To justify the granting of a temporary restraining order, a plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction. Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992).

**III.    DISCUSSION**

"The Cruel and Unusual Punishments Clause of the Eight Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care." Salahuddin v. Goord, 467

3

F.3d 263, 279 (2d Cir. 2006); see also Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994); U.S. CONST. amend. VIII.  "However, a prisoner is not entitled to the best healthcare possible or even to a choice among available treatment modalities; instead, the Constitution entitles a prisoner only to reasonable measures to meet a substantial risk of harm." Diachiara, 2007 U.S. Dist. LEXIS 16068, at *8-9 (citing Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997)).  To succeed on an Eighth Amendment claim, the prisoner must show that the defendants were not merely negligent, but deliberately indifferent in failing to provide healthcare.  Chance v. Amstrong, 143 F.3d 698, 702 (2d Cir. 1988); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("[A]n inadvertent failure to provide adequate medical care [is insufficient to sustain a constitutional claim because] . . . negligen[ce] in . . . diagnosing or treating a medical condition does not state a valid claim"); Diachiara, 2007 U.S. Dist. LEXIS 16068, at *9 (citing Salahuddin, 467 F.3d at 280).  "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Chance, 143 F.3d at 702 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment is adequate.  Chance, 143 F.3d at 703; see also Diachiara, 2007 U.S. Dist. LEXIS 16068, at *9 ("If a prisoner's course of treatment is one about which reasonable doctors could disagree, an Eighth Amendment claim will not ordinarily lie") (citation omitted).  Here, while this Court recognizes the seriousness of Petitioner's medical condition, Petitioner has not sustained the heavy burden necessary to warrant the extraordinary relief sought.

In his Application, Petitioner requests that the Respondent monitor his: (i) "pulse rate prior

to each dosage of Co-reg administered" and (ii) "systolic blood pressure prior to each dosage of Hydralazine and Isosorbide." Id. at 1.  This request is nearly identical to Petitioner's prior request that Respondent reinstate his "Monitoring . . . Clinic[], which monitor[s] Petitioner's (1) heart rate, blood pressure and weight."  Dkt. No. 74 at 1.  Specifically, Petitioner requested that his heart rate and blood pressure be "monitored prior to taking each and every dose of the aforementioned medications, which would amount to three (3) times a day."  Dkt. No. 78 at 12.  Petitioner was on Co-Reg, Hydralazine and Isosorbide at the time that he submitted his first Motion for a preliminary injunction and temporary restraining order, which this Court denied.  See generally Dkt. No. 74. Accordingly, the relief that Petitioner currently requests is identical to that which was previously denied by this Court and will also be denied.

Even assuming *arguendo* that this Court had not already decided this issue, according to Petitioner's physician, "[a]t this time, there is no clinical indication for inmate Dare's heart rate, blood pressure and weight to be regularly monitored in a clinic."  Beam Decl. (Dkt. No. 76, Attach. 1) ¶ 27.  Currently, Petitioner's "vital signs are monitored when he has a clinical encounter with medical staff, and his frequency of vital sign monitoring is sufficient for his medical condition."  Id. ¶ 27.  In fact, Petitioner's vitals have been checked approximately eleven (11) times between the period of September 22, 2008 and July 1, 2009.  Id. ¶ 28.

This Court reiterates that "a prisoner is not entitled to the best healthcare possible or even to a choice among available treatment modalities; instead, the Constitution entitles a prisoner only to reasonable measures to meet a substantial risk of harm."  Diachiara, 2007 U.S. Dist. LEXIS 16068, at *8-9 (citing Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997)).  The current treatment is "reasonable," "adequate"and in no way amounts to the deliberate indifference necessary to sustain a

5

Constitutional violation.

### IV.    CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Petitioner's Application for an order to show cause for a preliminary injunction, mandatory injunction and temporary restraining order (Dkt. No. 81) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of the Decision and Order on all of the parties.

**IT IS SO ORDERED**.

DATED:    September 14, 2009
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge